NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0241n.06

No. 21-3794

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 15, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DIMAS ABIDAN RAMIREZ-LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW OF |
| | ) | AN ORDER OF THE BOARD OF |
| v. | ) | IMMIGRATION APPEALS |
| | ) | |
| MERRICK B. GARLAND, Attorney General, | ) | |
| | ) | OPINION |
| Respondent. | ) | |
| | ) | |

Before: MOORE, STRANCH, and LARSEN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Dimas Ramirez-Lopez petitions this court for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen his in-absentia removal order. We **DENY** in part and **DISMISS** in part the petition for review.

## I. BACKGROUND

Ramirez-Lopez is a native and citizen of Guatemala. Administrative Record (A.R.) at 295 (Notice to Appear at 1). He arrived in the United States on April 11, 2015, when he was seventeen years old. *Id.* He was served with a Notice to Appear and placed in removal proceedings, A.R. at 295–96 (Notice to Appear), but those removal proceedings were administratively closed after he filed an unaccompanied minor application for asylum, A.R. at 279 (IJ Order).

On January 31, 2018, an immigration judge (IJ) granted the Department of Homeland Security's (DHS's) motion to recalendar the proceedings. A.R. at 278 (IJ Order). Ramirez-Lopez's counsel filed several motions to withdraw, each of which the IJ denied. A.R. at 247 (IJ

Order); A.R. at 249–51 (Mot. to Withdraw); A.R. at 263 (IJ Order); A.R. at 264–66 (Mot. to Withdraw); A.R. at 270 (IJ Order); A.R. at 274–76 (Mot. to Withdraw). On September 19, 2018, Ramirez-Lopez's counsel was served with a Notice of Hearing. A.R. at 245 (Notice of Hearing). Counsel again moved to withdraw on September 25, 2018. A.R. at 240–42 (Mot. to Withdraw).

On October 1, 2018, the IJ granted the motion to withdraw and sent a copy of the Order to Ramirez-Lopez, his former counsel, and his current counsel. A.R. at 239 (Order). Handwritten on the Order are the following sentences: "MC set for 10/25/18 at 8:30 to determine attorney. Individual hearing set for 5/29/19 at 2:30." *Id.* A notice of hearing was mailed to Ramirez-Lopez on October 15, 2018. A.R. at 90 (Notice of Hearing). On October 20, 2018, on a phone call, Ramirez-Lopez's attorney informed him of hearing date. A.R. at 81 (Ramirez-Lopez Statement); A.R. at 3 (BIA Order at 1). Ramirez-Lopez did not appear, and, on October 25, 2018, the IJ ordered him removed in absentia. A.R. at 89 (IJ Order).

On November 23, 2018, Ramirez-Lopez filed a motion to reopen and/or reconsider the in-absentia removal order. A.R. at 60–68 (Mot. to Reopen and/or Reconsider). He explained that he was confused because the document that he received said "MC set for 10/25/18" and "[i]individual hearing set for 5/29/19." A.R. at 62 (Mot. to Reopen and/or Reconsider at 2). Thus, he thought that his hearing was not until May 29 of the following year. *Id.* He did not know what "MC" meant. A.R. at 64 (Mot. to Reopen and/or Reconsider at 4). The IJ denied the motion, A.R. at 51–54 (IJ Order), and the BIA affirmed, A.R. at 3–5 (BIA Order). Ramirez-Lopez filed a timely petition for review in this court.

## II. ANALYSIS

"Where the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review the IJ's decision to the extent that the BIA adopted the IJ's reasoning. *Id.* We review the denial of a motion to reopen for an abuse of discretion. *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006).

Ramirez-Lopez advances two arguments. First, he argues that his failure to appear was due to exceptional circumstances, his confusion stemming from the handwritten lines on the Order.[1] Confusion about a hearing date, however, is rarely an exceptional circumstance if it is not "beyond [a person's] control." *Acquaah v. Holder*, 589 F.3d 332, 336–37 (6th Cir. 2009). To be clear, the IJ's opaque note on the Order is concerning because it does not identify that the "MC" is, in fact, a hearing. A.R. at 239 (Order). We would have significant qualms if this were the only notice that Ramirez-Lopez received. Nevertheless, a separate notice without this problem was mailed to Ramirez-Lopez, A.R. at 90 (Notice of Hearing), and he acknowledges that his lawyer informed him of the correct hearing date. A.R. at 81 (Statement); A.R. at 64 (Mot. to Reopen and/or Reconsider at 4). The BIA did not abuse its discretion in concluding that under these circumstances, Ramirez-Lopez's confusion about the hearing date, though understandable, does not constitute an exceptional circumstance.

---

[1]As a part of this argument, Ramirez-Lopez suggests that the BIA failed to apply de novo review to the IJ's decision about whether he demonstrated exceptional circumstances. This is incorrect. *See* A.R. at 4 (BIA Order at 2).

Second, Ramirez-Lopez argues that the BIA abused its discretion when it failed to exercise its sua sponte authority to reopen the case. We lack jurisdiction to review this claim. *Rais v. Holder*, 768 F.3d 453, 464 (6th Cir. 2014).[2]

## III. CONCLUSION

For the foregoing reasons, we **DENY** in part and **DISMISS** in part the petition for review.

---

[2]The First, Second, Third, Fifth, Seventh, Eighth, and Ninth Circuits have taken the contrary approach and have held that Courts of Appeals have limited jurisdiction to review constitutional claims and legal errors that arise from denials of motions to reopen sua sponte. *See Thompson v. Barr*, 959 F.3d 476, 483 (1st Cir. 2020) (collecting cases). Nevertheless, we do not revisit this issue because we are bound by controlling circuit precedent.